IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HANEEF MUHAMMAD,

    Plaintiff,

                                                         Civil Action 2:21-cv-4165
                                                         Judge Edmund A. Sargus, Jr.
    v.                                       Magistrate Judge Elizabeth P. Deavers

OFFICER SCOTT P. GIBSON, *et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' Joint Motion for Sanctions and Plaintiff's Motion to Deny Defendants Joint Motion for Sanctions and Motion for [Continuance] for Discovery. (ECF Nos. 16, 23.) For the reasons that follow, Defendants' Joint Motion for Sanctions, ECF No. 16, is **DENIED WITHOUT PREJUDICE**, and Plaintiff's Motion to Deny Defendants Joint Motion for Sanctions and Motion for [Continuance] for Discovery, ECF No. 23, is **GRANTED**.

### I. BACKGROUND

Plaintiff, proceeding without the assistance of counsel, initiated this action in the Franklin County Court of Common Pleas on June 30, 2021. (*See* ECF No. 1.) On August 13, 2021, Defendant Gibson removed the action to this Court. (*Id.*) On September 7, 2021, the Court entered a Preliminary Pretrial Order that, in part, set forth discovery and dispositive motion deadlines as follows:

**DISCOVERY PROCEDURES**

All discovery shall be completed by **February 21, 2022.** For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and

shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsels are directed to join on one line and then call the Magistrate Judge's Chambers or provide the Court with a call-in number.

**DISPOSITIVE MOTIONS**

Any dispositive motions shall be filed by **March 7, 2022.** Opposition to be filed by **March 28, 2022**; Reply brief to be filed by **April 11, 2022**.

(ECF No. 9 at PAGEID # 49 (emphasis in original).)

On December 2, 2021, Lowe's served its written discovery on Plaintiff via email, and asked Plaintiff for "some dates and times you are available" in January 2022 for a deposition. (ECF No. 16-1 at PAGEID # 86.) On January 6, 2022, Plaintiff served responses to some of Lowe's discovery, indicated that he "cannot wait to get the deposition done," and asked "would it be wise to complete my deposition and the deposition of Officer Gibson after we finish all this paperwork discovery?" (*Id.* at PAGEID ## 87-105, 107.) On January 7, 2022, counsel for Lowe's "agree[d] that it would be beneficial to have the paper discovery finished prior to taking depositions" and proposed that they "get some dates on the books [for depositions] while we finish paper discovery." (*Id.* at PAGEID # 108.)

On February 2, 2022, after being served with the Notice to Take Deposition of Plaintiff Haneef Muhammad, ECF No. 12, Plaintiff advised Lowe's counsel that he was not available for a deposition on February 10, 2022, and that he thought they had set that date aside "for a meeting." (*Id.* at PAGEID # 122.) Plaintiff reiterated his belief that "paper discovery should be handled first." (*Id.*) Counsel for Lowe's responded that "[w]e are happy to work with you on the date but the deposition must occur prior to February 21, 2022," noting that the Court had set that date as the discovery cut-off. (*Id.* at PAGEID # 124.) Counsel for Lowe's asked Plaintiff to "let us know which dates prior to February 21, 2022 you will be available." (*Id.*)

2

On February 3, 2022, counsel for Officer Gibson asked Plaintiff to respond to Officer Gibson's written discovery and to "provide us with some potential dates for depositions," noting that the discovery deadline was February 21, 2022. (*Id.* at PAGEID # 131.) On February 9, 2022, counsel for Lowe's canceled the previously-scheduled February 10, 2022 deposition and suggested five additional dates for Plaintiff's deposition. (*Id.* at PAGEID # 141.) Counsel for Lowe's added that "[i]f we do not hear from you by Friday February 11 we will select a date on our own." (*Id.*) On February 11, 2022, Lowe's filed the Amended Notice to Take Deposition of Plaintiff Haneef Muhammad, setting Plaintiff's deposition for February 18, 2022 at 8:30 a.m. (ECF No. 13.) On February 18, 2022 at 8:05 a.m., twenty-five (25) minutes before the deposition was set to begin, Plaintiff emailed Defendants' counsel as follows:

> I have had a tooth infection for 10 days because the antibiotics didn't work and i just got on new antibiotics. I'm going to have to ask for an extension of discovery as I am having health issues.

(ECF No. 16-1 at PAGEID # 146.) Plaintiff did not appear for the deposition, and Defendants noted his failure to appear on the record. (*Id.* at PAGEID ## 147-151.)

On February 25, 2022, Lowe's and Officer Gibson filed Defendants' Joint Motion for Sanctions, seeking sanctions against Plaintiff for his failure to appear at deposition and his failure to respond to written discovery. (ECF No. 16.) Specifically, Defendants ask the Court to dismiss Plaintiff's Complaint with prejudice, or alternatively for "an order prohibiting [Plaintiff] from supporting or opposing designated claims or defenses, and introducing designated matters into evidence." (*Id.* at PAGEID # 84.)

On March 3, 2022, Plaintiff filed a Motion to Deny Defendants Joint Motion for Sanctions and Motion for [Continuance] for Discovery. (ECF No. 23.) In his filing, Plaintiff submits that "Defendants were aware of the illness the Plaintiff had and the Plaintiff['s] son was also sick," that his failure to appear at the deposition "was because of health issues," and that his

failure to respond to written discovery was "due to health issues." (*Id.*) Plaintiff argues that Defendants' requested sanctions "seem[] to be unreasonable and unjust as the Plaintiff still must have oral surgery," and notes that Defendants themselves did not even complete written discovery in a timely fashion. (*Id.*) Plaintiff thus asks that the Court re-open the discovery period "so that all parties can complete discovery." (*Id.*)

Defendants filed separate responses to Plaintiff's Motion. (ECF Nos. 27, 32.)[1] First, Lowe's responded that it timely responded to Plaintiff's written discovery and submitting that "[i]f [Plaintiff] believes additional discovery is required and justified, he may move the Court pursuant to Fed. R. Civ. P. 56(d)." (ECF No. 27.) Second, Officer Gibson responded by arguing that he also timely responded to Plaintiff's written discovery, except for Plaintiff's request for production of documents which Officer Gibson did not realize was directed to him (but to which Officer Gibson promptly responded). (ECF No. 32.) Officer Gibson further stated that "Defendants have been cooperative in working with Plaintiff to complete discovery but have been unsuccessful." (*Id.*) Both Lowe's and Officer Gibson also argue that re-opening discovery would be futile and prejudicial. (ECF Nos. 27, 32.) Plaintiff did not file a Reply brief, so the matters are fully briefed and ready for judicial review.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(d) addresses sanctions for a party's failure to attend their own deposition, and provides in relevant part that the Court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition" or if "a party, after being properly served with interrogatories . . . fails to serve its answers, objections or

---

[1] On February 25, 2022, prior to filing the subject motion for sanctions, Officer Gibson filed a Motion for Summary Judgment. (ECF No. 18.) On March 7, 2022, prior to filing a response to Plaintiff's Motion, Lowe's filed a Motion for Summary Judgment. (ECF No. 25.)

written response." Fed. R. Civ. P. 37(d)(1)(A). Under Rule 37(d), the Court may issue any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), which provide as follows:

> (A)  *For Not Obeying a Discovery Order*.  If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:
>
> (i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)  striking pleadings in whole or in part;
>
> (iv)  staying further proceedings until the order is obeyed;
>
> (v)  dismissing the action or proceeding in whole or in part; [or]
>
> (vi)  rendering a default judgment against the disobedient party[.]

Fed. R. Civ. P. 37(d)(3)*;* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) (emphasis in original).  Rule 37(d) further states that "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).

In determining an appropriate sanction under Rule 37, "a court may properly consider both punishment and deterrence." *JPMorgan Chase Bank, N.A. v. Neovi, Inc.*, No. 2:06-cv-0095, 2007 WL 1989752, at *4 (S.D. Ohio July 9, 2007).  "The burden of proof is on the sanctioned party to establish that its failure to comply was due to inability and not to willfulness, bad faith, or any fault of the party." *Id.* (internal quotations and citation omitted).  Furthermore, "[f]ault, in this context, includes gross negligence." *Id.* (citation omitted).  A court has wide

5

discretion in determining an appropriate sanction under Rule 37. *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976).

Separately, Federal Rule of Civil Procedure 56(d) establishes the procedure where a party asserts that additional discovery is necessary to respond to a motion for summary judgment:

> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "Rule 56(d) is intended to provide a mechanism for the parties and the court 'to give effect to the well-established principle that the plaintiff must receive a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment.'" *Wilson v. Ebony Constr. LLC*, No. 2:17-CV-1071, 2018 WL 4743063, at *2 (S.D. Ohio Oct. 2, 2018) (citing *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07-CV-1285, 2012 WL 1340369, at *2 (S.D. Ohio April 17, 2012) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 797 (6th Cir. 2009))). "Likewise, it is improper to grant summary judgment if [the party seeking Rule 56(d) relief] is given an insufficient opportunity for discovery." *Id.* (citing *Dish Network LLC v. Fun Dish Inc.*, No. 1:08-CV-1540, 2011 WL 13130841, at *3 (N.D. Ohio Aug. 12, 2011) (citing *White's Landing Fisheries, Inc. v. Bucholzer*, 29 F.3d 229, 231–232 (6th Cir. 1994))).

Whether to grant a request for additional discovery falls within the trial court's discretion. *Egerer v. Woodland Realty, Inc.,* 556 F.3d 415, 426 (6th Cir. 2009). The Court of Appeals for the Sixth Circuit has made clear that "[i]f the [party seeking relief under Rule 56(d)] has not 'receive[d] a full opportunity to conduct discovery,' denial of that party's Rule 56(d) motion and ruling on a summary judgment motion would likely constitute an abuse of discretion." *Cressend*

*v. Waugh*, No. 2:09-cv-01060, 2011 WL 883059, at *2 (S.D. Ohio Mar. 11, 2011) (second alteration in original) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)). The Sixth Circuit recently held that requests for additional time for more discovery under Rule 56(d) "'should be granted almost as a matter of course unless the non-moving party [to the motion for summary judgment] has not diligently pursued discovery of the evidence.'" *Dallas v. Chippewa Corr. Facility*, No. 20-1941, 2022 WL 905857, at *5 (6th Cir. Mar. 1, 2022) (quoting *Doe v. City of Memphis*, 928 F.3d 481, 490–91 (6th Cir. 2019)).

### III. ANALYSIS

After consultation with the Presiding District Judge, the Court finds that Defendants' request for sanctions is not well taken at this time, and that Plaintiff's request to re-open discovery is well taken. At this juncture, the interests of justice will be better served if this case can be tried on its merits, with both parties having a clear understanding of the claims and defenses available to them. To that end, Defendants affirmatively acknowledge that upon the close of discovery they were unsure about the nature of Plaintiff's claims:

> Due to the vague nature of [Plaintiff's] Complaint, discovery was essential to determine what claims [Plaintiff] intends to assert and therefore what defenses are available to Defendants. Without virtually any information or evidence produced by [Plaintiff] in discovery, Defendants would be significantly prejudiced through the remainder of this litigation if forced to defend against otherwise unknown claims with unknown evidence.

(ECF No. 16 at PAGEID # 81 n.1.)

Upon review of the parties' correspondence, the Court finds that Plaintiff was diligent in pursuing discovery until he experienced an apparent dental emergency less than two weeks before the discovery deadline, which, the Court notes, was to be completed in a relatively brief period. While the Court is not quite clear as to why Plaintiff was unable to better communicate with Defendants as the discovery deadline approached, it is clear that Plaintiff intended to seek

7

an extension of the discovery deadline due to his health. (ECF No. 16-1 at PAGEID # 146 ("I'm going to have to ask for an extension of discovery as I am having health issues.").) Under these circumstances, the Court finds that Defendants' decision to file for sanctions immediately after the discovery deadline passed was at best insensitive to Plaintiff's medical condition, and at worst the kind of litigious gamesmanship for which the Court has no tolerance – especially at the expense of a pro se litigant.

In its Reply, Lowe's submits that "[i]f [Plaintiff] believes additional discovery is required and justified, he may move the Court pursuant to 56(d)." (ECF No. 27.) That is exactly what the Court believes Plaintiff attempted to do, as Officer Gibson's Motion for Summary Judgment was pending at the time Plaintiff filed the subject Motion. (*See* ECF No. 18.) While Plaintiff usually would need to attach an affidavit or declaration to such a request under Rule 56(d), the Sixth Circuit has recognized that Rule 56(d) is satisfied if the party "complie[s] with the substance and purpose of Rule 56(d)" by "inform[ing] the district court of [the] need for discovery prior to a decision on the summary judgment motion." *Moore v. Shelby Cty.*, 718 F. App'x 315, 319 (6th Cir. 2017) (quoting *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002)). In *Moore*, the Sixth Circuit overlooked the absence of a Rule 56(d) affidavit and held that granting summary judgment simply because the plaintiff did not file a "redundant" Rule 56(d) affidavit would "unduly exalt form over substance." *Id.*

Here, Plaintiff has informed the Court of the need for discovery prior to a decision on the pending summary judgment motions. Specifically, Plaintiff highlights that certain discovery from Officer Gibson was not produced by the discovery deadline (although it has since been provided). (ECF No. 23 at PAGEID ## 278-279.) Plaintiff also argues that discovery should be reopened in light of his understanding that "[a]ll parties agreed that written discovery should be

8

completed before the deposition[s]." (*Id.* at PAGEID # 279.) Having reviewed the parties' email correspondence which was provided in the subject briefing, the Court understands Plaintiff's argument to refer not only to his deposition but also to Officer Gibson's deposition, which the parties discussed multiple times throughout the discovery period:

- ECF No. 16-1 at PAGEID ## 89-90: Plaintiff stating on December 2, 2021 that he "would also like to [depose] [Officer] Gibson" and that he "will handle the cost of the deposition of [Officer Gibson]";

- *Id.* at PAGEID # 107: Plaintiff stating on January 6, 2022 that he "cannot wait to get the deposition done" and asking whether "it would be wise to complete my deposition and the deposition of Officer Gibson [until] after we finish all this paperwork discovery";

- *Id.* at PAGEID # 122: Plaintiff stating on February 2, 2022 that he "would like to [depose] [Officer Gibson] shortly after [his] deposition"; and

- *Id.* at PAGEID # 127: Officer Gibson's counsel stating on February 2, 2022 that "Officer Gibson will be available for deposition" and that she "hope[d] that we can complete both [Plaintiff's] deposition and [Officer Gibson's] deposition on the same day."

Accordingly, construing Plaintiff's pro se filing liberally, the Court is satisfied that Plaintiff has met his burden under Rule 56(d) by informing the Court of the need for discovery – specifically, for any outstanding written discovery to be completed, and for the parties to depose Plaintiff and Officer Gibson. *Fin. Ventures v. King*, 131 F. Supp. 3d 677, 691 (W.D. Ky. 2015) ("While the Defendant did not utilize Rule 56(d) specifically, it is axiomatic that federal courts often employ more lenient standards with a pro se party when it comes to more sophisticated matters of procedure. Here, the better course of action is to allow this case to proceed such that the record may be more fully developed.") (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).[2]

---

[2] Plaintiff is **CAUTIONED**, however, that the Court will not be so lenient should Plaintiff attempt to reopen or extend the discovery period again. *See Enyart v. Franklin Cty.*, No. 2:09-CV-687, 2013 WL 1915099, at *4 (S.D. Ohio May 7, 2013), *report and recommendation adopted*, No. 2:09-CV-687, 2013 WL 2434464 (S.D. Ohio June 5, 2013) (noting the Court's "willingness to overlook this *pro se* plaintiff's failure to comply with Rule 56(d)" but warning

9

And, again, this conclusion is only reinforced by Defendants' comment that without Plaintiff's outstanding written discovery and without deposing Plaintiff, they "would be significantly prejudiced." (ECF No. 16 at PAGEID # 81 n.1.)

As a final procedural note, the Court is also mindful that because the deadline for discovery has past, Plaintiff must demonstrate that good cause exists to modify the Court's discovery deadline. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.,* 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary,* 349 F.3d at 906 (citing *Inge,* 281 F.3d at 625). For the reasons set forth above, however, the Court is satisfied that Plaintiff has demonstrated that good cause exists to modify the discovery deadline, and that Defendants will not suffer prejudice by virtue of re-opening the discovery period.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Joint Motion for Sanctions, ECF No. 16, is **DENIED WITHOUT PREJUDICE**, Plaintiff's Motion to Deny Defendants Joint Motion for

---

that "the Court will not overlook any failure on plaintiff's part to comply with the requirements of Rule 56(d) should plaintiff request another extension of time to respond to a renewed motion for summary judgment based on a need for additional discovery"); *Whiteside v. Collins*, No. 2:08-CV-875, 2012 WL 831795, at *5 (S.D. Ohio Mar. 12, 2012), *report and recommendation adopted*, No. 2:08-CV-875, 2012 WL 1142919 (S.D. Ohio Apr. 4, 2012) (noting the Court's "prior lenience related to this *pro se* plaintiff's failure to comply with Rule 56(d)" and warning that plaintiff "must comply with that rule, if applicable, in all future filings").

Sanctions and Motion for [Continuance] for Discovery, ECF No. 23, is **GRANTED**. The parties shall have until **JUNE 10, 2022** to complete discovery, and until **JULY 1, 2022** to file any dispositive motions. The parties are **ADVISED** that this re-opening of discovery is **LIMITED** to any outstanding written discovery which was served prior to February 21, 2022, as well as to the depositions of Plaintiff and Defendant Officer Gibson. Defendants may renew their motion for sanctions, if necessary, after the discovery period has passed.

Finally, and again in consultation with the presiding District Judge, the following pending Motions also are **DENIED WITHOUT PREJUDICE** to refiling, if necessary, after the discovery period has passed:

- Defendant Gibson's Motion for Summary Judgment (ECF No. 18);

- Defendant Lowe's Home Centers, LLC's Motion for Summary Judgment (ECF No. 25);

- Plaintiff's Motion to Deny Defendants Summary Judgment (ECF No. 33);

- Plaintiff's Motion for Summary Judgment (ECF No. 34);

- Defendants' Gibson and Lowe's Joint Motion to Strike Plaintiff's Untimely Motion (ECF No. 36); and

- Defendants' Joint Motion to Strike Witness Statement of Nadine Renchin (ECF No. 39).

**IT IS SO ORDERED.**

**Date: May 11, 2022**               /s/ *Elizabeth A. Preston Deavers*
                                     **ELIZABETH A. PRESTON DEAVERS**
                                     **UNITED STATES MAGISTRATE JUDGE**